J-S29041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                                                  :

                   v.                                       :
                                                  :
                                                :

BUNG MAC                                  :
                                                :
                      Appellant           :     No. 930 EDA 2020

Appeal from the PCRA Order Entered February 5, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004539-2006

BEFORE:  PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                 Filed: July 23, 2020

Bung Mac (Mac) appeals *pro se* from the order of the Court of Common Pleas of Chester County (PCRA court) denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9542-9546 as being untimely.  We affirm.

**I.**

We take the following factual background and procedural history from our independent review of the record and this Court's February 28, 2008 opinion.

---

[*] Retired Senior Judge assigned to the Superior Court.

**A.**

On February 2, 2007, Mac entered a negotiated guilty plea to First Degree Murder and Possessing an Instrument of Crime (PIC).[1] The charges related to an October 13, 2006 incident in which he shot and killed the victim, his co-worker, Long Trinh, in his vehicle as both arrived for work. As aptly described by a previous panel of this Court:

> [Mac] was arrested on the day of the shooting and thereafter charged with criminal homicide, murder, aggravated assault, recklessly endangering another person, [PIC], persons not to possess, use, manufacture, control, sell or transfer firearms, and firearms not to be carried without a license.
>
> On February 12, 2007, in exchange for the plea to first degree murder and PIC, all remaining counts were dismissed. Following a lengthy plea colloquy, the plea court immediately sentenced [Mac] to, *inter alia*, life imprisonment without the possibility of parole on the conviction of first degree murder and a concurrent term of two and one-half to five years confinement on the PIC conviction. [Mac], acting *pro se*, filed a letter on February 22, 2007, which the court construed as a timely post-sentence motion to withdraw his guilty plea. New counsel was appointed. The court held an evidentiary hearing on April 25, 2007, and denied the motion on June 1, 2007. . . .

(**Commonwealth v. Mac**, No. 1704 EDA 2007, unpublished memorandum, at **2-3 (Pa. Super. filed Feb. 28, 2008)).

Mac maintained that he entered his guilty plea because his counsel informed him that he was subject to the death penalty. Because none of the aggravating factors set forth in 42 Pa.C.S. § 9711(d) were applicable, a death

---

[1] 18 Pa.C.S. §§ 2502(a) and 907(a), respectively.

sentence could not be legally imposed making his plea not knowing, intelligent and voluntary. The trial court's June 1, 2007 order denying Mac's Motion to Withdraw his Guilty Plea found that plea counsel properly advised Mac that the Commonwealth could have sought application of the death penalty.

In its opinion, it observed that a bullet ricocheting off Tran's car could have entered a vehicle, striking someone inside or struck a person in the nearby childcare and senior centers, thus creating the necessary aggravating circumstance to support the death penalty. The court found that Mac's claim lacked arguable merit[2] because counsel properly advised him of the possibility of the death penalty's application and the concomitant advantages of entering a plea. Even if there was underlying merit, the court observed that counsel had a reasonable basis to support her actions and was not ineffective in advising Mac of the possibility of a death sentence and the advantages of entering a guilty plea.

The trial court also found Mac's claim that his plea was constitutionally defective on ineffectiveness grounds due to counsel's failure to meet with him

---

[2] "A criminal defendant has the right to effective assistance of counsel during the plea process as well as during trial." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa. Super. 2007) (citation omitted). Counsel is presumed effective, and to prove otherwise a defendant must establish (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the defendant suffered resulting prejudice. **See Commonwealth v. Sarvey**, 199 A.3d 436, 452 (Pa. Super. 2018), *appeal denied*, 199 A.3d 438 (Pa. 2019).

enough prior to the plea also lacked merit. (The court observed that counsel credibly testified that she "had [Mac] psychologically evaluated and [she] investigated the viability of a self-defense claim." (Trial Court Order, 6/01/07, at 1-7 n.1 at 5).[3] Further, "[she] met with [Mac] at least five times, sometimes for several hours at a time, and was always aided by a competent Cantonese interpreter." (*Id.* at 6). Based on the foregoing, the court found that Mac's claim that "his plea was involuntary because of his counsel's purported constitutionally-deficient preparation and the professed inadequacy of the time given to him to consider his situation" lacked merit. (*Id.*).

Finally, the trial court found that the Guilty Plea Colloquy surpassed the threshold necessary "to survive constitutional muster." (*Id.*). The court explained that its oral Guilty Plea Colloquy properly informed Mac of the nature of the charges against him, the elements of first degree murder and lesser offenses, the factual basis for the plea, that by pleading guilty he was giving up his right to the presumption of innocence and the Commonwealth's burden to establish guilt beyond a reasonable doubt, the maximum penalties he faced, and that the court was not bound by the terms of the plea agreement. At all times, Mac was represented by counsel, had the services of a competent interpreter, and he repeatedly affirmed his understanding. Mac also stated

---

[3] Because footnote 1 of the trial court's order spans seven pages, for the purpose of clarity, we hereafter include only the page number and not the footnote designation when citing to the decision.

that he was satisfied with counsel, that he had sufficient time to discuss the case with her, and that he signed a Guilty Plea Colloquy mirroring the substance of the oral Guilty Plea Colloquy. Based on all of the foregoing, the trial court denied Mac's Motion to Withdraw his Guilty Plea.

Mac timely appealed the trial court's denial of his Motion to Withdraw. Specifically, he raised the issue of whether he entered a knowing, intelligent and voluntary plea where "[he] entered into the plea agreement to life imprisonment to avoid the imposition of the death penalty for [F]irst [D]egree [M]urder in the absence of aggravating circumstances, and therefore pled guilty to avoid a sentence that could not be imposed." (*Mac*, *supra* at *3).

On February 28, 2008, after a careful review of "the parties' briefs, the applicable law, the record before us, and the trial court's opinion," this Court affirmed the judgment of sentence, relying on the reasons set forth in the trial court's June 1, 2007 order.[4] (*Id.* at *5).

**B.**

On August 4, 2009, Mac filed his first PCRA petition *pro se*. Court appointed counsel filed a Petition for Leave to Withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). On September 17, 2009, the

---

[4] The Superior Court reviewed the ineffective assistance of counsel claim on direct review pursuant to *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003).

PCRA court provided Rule 907 Notice of its intent to dismiss the PCRA petition without a hearing, and on October 23, 2009, it dismissed the petition and permitted counsel to withdraw. Mac appealed the PCRA court's order and the Superior Court dismissed it on June 22, 2010, deeming Mac's issues waived because the defects in his appellate brief rendered the Court incapable of conducting meaningful review. (**See Commonwealth v. Mac**, No. 3246 EDA 2009, unpublished memorandum, at *6 (Pa. Super. filed June 22, 2010)). Mac did not file a Petition for Allowance of Appeal in our Supreme Court.

Over nine years later, on November 8, 2019, Mac filed his second PCRA petition *pro se*. On January 16, 2020, the PCRA court issued Rule 907 Notice of its intent to dismiss. After receiving Mac's *pro se* response, the court dismissed the petition as untimely on February 5, 2020. Mac timely appealed.[5, 6]

_____

[5] The PCRA court docket reflects that Mac filed his Notice of Appeal on March 13, 2020, beyond the 30-day deadline. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). However, because Mac is incarcerated and the *pro se* Notice of Appeal is dated February 14, 2020, we treat it as timely filed pursuant to the Prisoner Mailbox Rule. **See Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019).

[6] Our standard of review of the denial of a PCRA petition is whether the record supports the court's findings of fact and is free of legal error. **See Commonwealth v. Chambers**, 852 A.2d 1197, 1198 (Pa. Super. 2004), *appeal denied*, 871 A.2d 188 (Pa. 2005).

**II.**

In this appeal, Mac again argues that his guilty plea was not knowing, voluntary or intelligently entered. He maintains that the trial court erred in failing to advise him that he had a privilege against self-incrimination and a right to effective assistance of counsel which would be appointed free of charge if he rejected the plea offer and could not afford an attorney. Additionally, he asserts that the trial court unconstitutionally acquiesced in counsel's "double-crossing performance" and in the Commonwealth's failure to provide notice of his fifth and sixth amendment rights in the plea agreement. (**See** Mac's Brief, at 4).

**A.**

Before we reach the merits of Mac's appeal, we must consider whether the PCRA court properly found that his PCRA petition was untimely. "It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the [C]ourt's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016) (citation omitted). Under the PCRA, any petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." **Robinson**, **supra** at 185 (internal quotation marks and citation omitted); **see also** 42 Pa.C.S. §9545(b)(3).

Here, Mac's judgment of sentence became final on January 13, 2009, after the 90-day period to file a writ of *certiorari* to the United States Supreme Court expired. **See** U.S. Sup. Ct. R. 13; 42 Pa.C.S. § 9545(b)(3). As a result, he had until January 13, 2010, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). Because Mac filed the instant petition on November 8, 2019, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[7] "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed . . . because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

---

[7] The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Mac fails to plead any timeliness exception. Instead, he maintains that the United States Supreme Court's case, **Boykin v. Alabama**, 395 U.S. 238 (1969), creates an equitable timeliness exception that renders his petition timely. (**See** Mac's Brief, at 12). However, the **Boykin** Court affirmed the Alabama Supreme Court's reversal of the trial court where "the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." **Boykin**, **supra** at 244 (record citation omitted). It did not create a timeliness exception to the PCRA.

Because Mac has failed to plead and prove any timeliness exception, his petition is untimely and the trial court properly dismissed it. **See Jackson**, **supra** at 519.

**B.**

Moreover, we briefly note that even if Mac's petition were timely, he would not be eligible for relief.

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that he has been convicted of a crime and that his conviction resulted in one or more of the enumerated circumstances identified in Section 9543 of the PCRA, and that his claims have not been previously litigated or waived. **See** 42 Pa.C.S. § 9543(a)(2), (3). Section 9544 of the PCRA provides, in pertinent part, that an issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[,]" and it has

been waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(a)(2), (b).

It is well-settled that allegations of trial court error are waived at the collateral review stage because they could have been raised on direct appeal. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2), (b); *Commonwealth v. Rush*, 838 A.2d 651, 660 (Pa. 2003). Put another way, where a defendant could have raised claims of trial court error in his direct appeal but failed to do so, they are waived for the purpose of PCRA review and can afford a defendant no basis for relief. *See Commonwealth v. Ford*, 809 A.2d 325, 329 (Pa. 2002), *cert. denied*, 540 U.S. 1150 (2004) (finding constitutional claims and allegations of trial court error waived where not raised on direct appeal). Further, an "[a]ppellant cannot obtain post-conviction review of claims previously litigated on appeal by presenting new theories of relief to support the previously litigated claims." *Commonwealth v. Brown*, 872 A.2d 1139, 1145 (Pa. 2005) (citation omitted).

In this case, Mac's claims appear to be inartful attempts to argue that his conviction was the result of an "unlawfully induced" guilty plea "where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). However, Mac is not entitled to relief because his issues are either previously litigated or waived.

As more fully explained above, a previous panel of this Court, in reliance on the trial court order, affirmed the judgment of sentence and found that Mac's claim that his Guilty Plea was involuntary, unintelligent and unknowing lacked merit. Because the validity of the Guilty Plea was previously litigated on direct appeal, Mac cannot now challenge it by presenting new theories of relief. *See* 42 Pa.C.S. § 9544(a)(2); **Brown**, **supra** at 1145.

Accordingly, because Mac's PCRA petition was patently untimely and he failed to plead and prove a timeliness exception, the PCRA court properly dismissed it. Moreover, even if we had jurisdiction to review the merits of the claims, they have been previously litigated. For all these reasons, we affirm the PCRA court's order dismissing Mac's untimely PCRA petition.[8]

Order affirmed.

---

[8] We observe that Mac is proceeding *pro se*. However, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon [him]. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1037 (Pa. Super. 2018), *appeal denied*, 217 A.3d 793 (Pa. 2019), *cert. denied*, 140 S. Ct. 1147 (2020) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/20